# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE SLOWINSKI and DAVID HAYES, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | No. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLUETRITON BRANDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT BLUETRITON BRANDS, INC.'S
## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

Defendant, BlueTriton Brands, Inc. ("BlueTriton"), pursuant to 28 U.S.C. §§ 1441 and 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of rights and defenses, hereby removes this action to this Court from the 18th Judicial Circuit Court of DuPage County, Illinois. As grounds for removal, BlueTriton states as follows:

## BACKGROUND

1.      On December 20, 2023, plaintiffs Christine Slowinski and David Hayes ("Plaintiffs") filed a putative class action complaint ("Complaint") against BlueTriton in the 18th Judicial Circuit Court of DuPage County, Illinois, Case No. 2023LA001376.

2.      On December 21, 2023, Plaintiffs served BlueTriton with a copy of the Summons and Complaint.

3.      Plaintiffs allege the claim "100% Natural Spring Water" on the label of Ice

Mountain bottled water is false, misleading, and deceptive because the water contains microplastics.  Compl. ¶¶ 7, 36.

4.      Plaintiffs allege the following claims for relief: violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. ("ILCFA"); common law fraud; and unjust enrichment.  *See* Compl. ¶¶ 47-66.

5.      Plaintiffs assert their claims on behalf of themselves and a putative class of consumers in the United States, as well as a subclass of Illinois consumers, who purchased Ice Mountain® bottled water "within five years prior to filing of the Complaint through the date of class certification."  Compl. ¶¶ 7, 42-3.

6.      As demonstrated below, removal is proper because BlueTriton satisfies the procedural requirements for removal under 28 U.S.C. § 1446; this action falls within the Court's "original jurisdiction" under 28 U.S.C. §§ 1331, 1332(d), and 1441; and venue is proper in this district.

## **PROCEDURAL REQUIREMENTS**

7.      In accordance with 28 U.S.C. § 1446(a), the Complaint and all other process, pleadings, and orders served on BlueTriton in the state court action are attached to this Notice of Removal as **Exhibit A**.

8.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely, as BlueTriton filed it within 30 days after it was served with the Complaint on December 21, 2023.

9.      In accordance with 28 U.S.C. § 1446(d), BlueTriton will promptly serve on all counsel of record and file with the clerk of the court of the 18th Judicial Circuit Court of DuPage County, Illinois a copy of this Notice of Removal and its accompanying exhibit.

2

**BASIS FOR REMOVAL**

10.     "To remove a case from state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)).  "A statement 'short and plain' need not contain evidentiary submissions." *Id.*

11.     This action is within the original jurisdiction of this Court, and removal is, therefore, proper under CAFA.  Congress enacted CAFA to expand federal court jurisdiction over proposed class actions.  *See Dart Cherokee*, 574 U.S. at 89 (citing S. Rep. No. 109-14, at *43, as reprinted in 2005 U.S.C.C.A.N. 3, *41, 109 S. Rpt. 14).  The Supreme Court in *Dart Cherokee* made clear that, unlike other statutes of removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id*.

12.     CAFA provides that a class action may be removed to federal court if: (1) any members of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant; (2) the aggregate amount in controversy exceeds $5 million; and (3) the proposed plaintiff class contains at least 100 members.  *See* 28 U.S.C. § 1332(d)(2), (5)-(6).

13.     BlueTriton need only demonstrate a "reasonable probability" that jurisdiction exists. *O'Shea v. Walt Disney World Co.*, No. 03-cv-5746, 2003 U.S. Dist. LEXIS 20053, at *3-4 (N.D. Ill. Nov. 5, 2003) (citing *Smith v. Am. Gen. Life and Accident Ins. Co., Inc.*, 337 F.3d 888, 892-3 (7th Cir. 2003)); *see also Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) (affirming, in CAFA removal cases, a defendant's notice of removal need only contain a "short and plain statement of the grounds for removal" and should be liberally construed) (internal

AMERICAS 126063261

quotation marks and citation omitted).

14.     As explained more fully below, this action satisfies each requirement of 28 U.S.C. § 1332(d)(2) for original CAFA jurisdiction.

## This Is a Covered Class Action

15.     According to the Complaint, "Plaintiffs bring[] this action on behalf of themselves and all others similarly situated" in the proposed class of all persons in the United States, as well as a subclass of all persons in the State of Illinois, who purchased Ice Mountain bottled water "within five years prior to filing of the Complaint through the date of class certification." Compl. ¶¶ 7, 42-3.  As a result, this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a).

## There Are More Than 100 Putative Class Members

16.     Plaintiffs allege "the Class and the Sub-Class are so numerous that joinder of all members is impracticable" and that "there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period." Compl. ¶ 44(a).  Accordingly, the Complaint itself alleges the proposed class and sub-class include more than 100 members.  *See* 28 U.S.C. § 1332(d)(5)(B).

## Minimal Diversity of Citizenship Exists

17.     According to the Complaint, Plaintiffs are citizens of Illinois.  Compl. ¶¶ 2-3.

18.     BlueTriton is not an Illinois citizen.  Rather, BlueTriton is a corporation organized under the laws of the State of Delaware (Compl. ¶ 4) and its principal place of business is in Stamford, Connecticut (*id.*).  Accordingly, BlueTriton is a citizen of Delaware and Connecticut. *See* 28 U.S.C. § 1332(c) (a corporation "shall be deemed to be a citizen of every State . . . by which

it has been incorporated and of the State . . . where it has its principal place of business").

19.     Thus, CAFA's minimal diversity requirement is satisfied because "any member of [the] class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

### The Amount in Controversy Exceeds $5 Million

20.     Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2), (d)(6).

21.     As the Supreme Court explained in *Dart Cherokee*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 574 U.S. at 89.  "This is a pleading requirement, not a demand for proof." *Spivey v. Vertrue, Inc*., 528 F.3d 982, 986 (7th Cir. 2008).  A defendant need only show a "good faith estimate" that is "plausible" (*Roppo*, 869 F.3d at 579), and, "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court" (*Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011)).

22.     Sales of Ice Mountain bottled water substantially exceeded $5 million during the proposed class period.  Here, the Complaint alleges BlueTriton represents to consumers that Ice Mountain bottled water is "100% Natural Spring Water" and fails to disclose the bottled water allegedly contains microplastics.  Compl. ¶¶ 1, 12.  Plaintiffs allege "Defendant's retention of the revenue it received from Plaintiffs, and the Class and the Sub-Class members, is unjust and inequitable" … and they "would not have purchased the Products, or would not have paid a price premium, if they knew the Products contained microplastics."  Compl. ¶ 65.

23.     The Complaint alleges "Plaintiffs' claims are typical of the Class and the Sub-

AMERICAS 126063261

Class," which it defines as all persons in the United States and all persons in the State of Illinois who purchased Ice Mountain bottled water "within five years prior to filing of the Complaint through the date of class certification." Compl. ¶¶ 42-44. In the Complaint, Plaintiffs assert claims for monetary damages on behalf of themselves and on behalf of "hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products" throughout this over five-year period. Compl. ¶¶ 42-4, 55, 61, 66.

24.     The amount in controversy in this case substantially exceeds $5 million, exclusive of interests and costs.

## CAFA's Exceptions Do Not Apply

25.     The exceptions to removal under 28 U.S.C. § 1332(d) do not apply to this case.

26.     In particular, the "local controversy" exception to CAFA, where more than two-thirds of the putative class members are citizens of the State in which the action was originally filed, does not apply because Plaintiffs seek to certify a nationwide class of purchasers. *See* Compl. ¶ 42; *see Mullen v. GLV, Inc.*, 37 F.4th 1326, 1328-9 (7th Cir. 2022) (stating the local controversy exception was not met when the suit began and "the requirements for jurisdiction under §1332(d)(2) have been satisfied" where plaintiff sought to certify a nationwide class).

## VENUE

27.     This case is properly removed to this District because the 18th Judicial Circuit Court of DuPage County, Illinois, where Plaintiffs commenced this action, is located within the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. § 93(a)(1); *see generally* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). Venue is therefore proper under 28 U.S.C. § 93(a)(1).

## NON-WAIVER

28.     By submitting this Notice of Removal, BlueTriton does not waive any objections

AMERICAS 126063261

or defenses, including, but not limited to, personal jurisdiction defenses, and does not admit any of the allegations in the Complaint.

29.     BlueTriton also reserves the right to amend or supplement this Notice of Removal.

## **CONCLUSION**

WHEREFORE, BlueTriton respectfully gives notice that this civil action pending in the 18th Judicial Circuit Court of DuPage County, Illinois is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated:  January 19, 2024

Respectfully submitted,

**WHITE & CASE LLP**

 */s/ Brienne Letourneau*
Brienne Letourneau
brienne.letourneau@whitecase.com
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Tel: (312) 881-5400
Fax: (312) 881-5450

*Counsel for Defendant*
*BlueTriton Brands, Inc.*

AMERICAS 126063261